## Case No. 17,361.

### In re WEIKERT et al.

[3 N. B. R. 27 (Quarto, 5).] [1]

District Court, N. D. New York. 1869.

ACTS OF BANKRUPTCY—SUSPENDING PAYMENT OF COMMERCIAL PAPER—PARTNERSHIP.

Firm dissolved, with written agreement, that one member should assume and pay its obligations, including outstanding commercial paper. Payment thereof was suspended, and was not resumed in fourteen days. *Held,* that such suspension was an act of bankruptcy, and the firm must be adjudicated bankrupts. It is unnecessary to allege or prove fraud in such suspension, where payment is not resumed within a period of fourteen days. In re Wells [Case No. 17,-387].

[Cited in Baldwin v. Wilder. Case No. 806; Re Hercules Mut. Life Assur. Co., Id. 6,-402.]

[See Re Ballard, Case No. 816.]

[Cited in Marble v. Janesville Manuf'g Co., 163 Mass. 180, 39 N. E. 1002.]

This was an involuntary proceeding—the petition alleging various acts of bankruptcy, and among others, that on the 17th of May, 1869, the respondents, being merchants, had fraudulently suspended payment of their commercial paper, and had not resumed payment within a period of fourteen days. On the return day, the respondent John Weikert did not file any answer. The respondent Frank M. Parker appeared and filed an answer, alleging that in April, 1869, the partnership existing between him and Weikert had been dissolved by an agreement in writing, whereby Weikert had assumed all the liabilities of the firm; also denying certain other allegations of the petition, but not denying that the commercial paper of the firm had been due and unpaid for more than fourteen days.

Counsel for the creditors moved for an adjudication upon the petition and answer as filed, basing his application upon the undenied allegation of the suspension of commercial paper; and cited, in support of his motion, In re Wells [Case No. 17,387]; In re Cowles [Id. 3,297].

Counsel for the debtors contended that the partnership having been dissolved before the suspension took place, that it could not be alleged and proven as an 'act of bankruptcy against the retiring partner, and that though it was admitted that commercial paper of the late firm was past due, yet the present manager of the business of the late firm was solvent, as he claimed, and could and ought to pay; that the fraud in the suspension was de-

1 [Reprinted by permission.]

nied, and that the suspension was only prima facie evidence of fraud, which ought to be inquired into.

Counsel for creditors replied that any dissolution of the partnership could not affect creditors except by their consent, and that it was proper to commence this proceeding against both parties, to reach that which was partnership property at least, when the debt was contracted; that in the argument of counsel a fraud was proven in the suspension, if it were necessary to prove any fraud, for if the debtors were solvent, and did not pay their commercial paper when due, that was fraud in itself; and if they were unable to pay, then it was their duty to go into voluntary bankruptcy; and cited Judge Blatchford's opinion in the case of In re Lowenstein [Case No. 8,-574].

Geo. Gorham, for creditors.
F. E. Cornwell, for debtors.

HALL, District Judge, said that he should adhere to his decision, made early in the administration of the bankrupt law, in the Case of Wells [Case No. 17,387], cited by creditor's counsel, and that he did not consider it necessary to allege or prove any fraud in the suspension, if it had been continued fourteen days. That the fact that this partnership had been dissolved, could make no difference with the liability of the retired partner, who could have saved the odium of bankruptcy by paying the indebtedness, which was the foundation of this case, and compelling his late partner to reimburse him, under the agreement of dissolution.

The adjudication was granted.